UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNABE MORA, STEVEN MORA )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>LITTON LOAN SERVICING, QUALITY )<br>LOAN SERVICE CORP., RICHARD )<br>MCMAHAN, CORALEE MCMAHAN, NEW )<br>CENTURY MORTGAGE CORPORATION, )<br>COLDWELL REALTOR, GAY DALES INC. )<br>REALTORS, DOES 1-100, )<br>)<br>Defendants. )<br>) | Case No.: 11-CV-02319-LHK<br><br><br><br><br>ORDER DISMISSING CASE |

Plaintiffs filed a complaint on May 9, 2011. *See* Dkt. No. 1 (Compl.) The Complaint is a two-page document. In the caption, Plaintiffs state that the Complaint is for a number of different causes of action, including "Conspiracy, Negligence, Cancellation of Voidable Contract Under Revenue Tax Code 23304.1, 23305A To Void and Cancel [T]rustee Deed Upon Sale To Void And Cancel Assignment of Deed of Trust, Wrongful Trustee Sale, Quiet Title, Slander Title, Breach of the Implied Covenant Good Faith and Fair Dealings, Unjust Enrichment, Violation of California Business and Professional Code 17200 et seq., Treble Damages, Loss of Equipment Machinery." However, Plaintiffs' Complaint does not actually state causes of action on any of these grounds. Instead, the Complaint says that Plaintiffs bring the case to consider issues "that were not considered at the state level by virtue of USC 28 133 Federal Question and the Supplemental

1
Case No.: 11-CV-02319-LHK
ORDER DISMISSING CASE

1   Jurisdiction." Compl. at 1. The Complaint states that on November 26, 2002, Plaintiff Steven

2   Mora and his wife Martha Mora purchased real property located at 15601 Meridian Road in

3   Castroville, CA ("the Property"). Plaintiffs allege that "on or about August 20087 Plaintiffs were

4   misled by the Trustee and the Lender as to the modification program and the fact that the loan may

5   be approved for modification, when in fact it [had] been scheduled for a trustee sale." Plaintiffs

6   further allege that Defendants Richard McMahan and Coralee McMahan trespassed on the

7   Property, damaged a field of raspberries there, and took machinery from the Property. The

8   McMahans then filed an Unlawful Detainer action "which was entered by a pro temp . . . therefore

9   the judgment is invalid." The Plaintiffs state that they "need relief from the usdc having

10  jurisdiction."

11  Plaintiffs attach a number of documents to the Complaint, including pages from Plaintiffs'

12  appeals of the unlawful detainer judgment entered against them in the California Court of Appeals

13  and the California Supreme Court; certain filings from the unlawful detainer case; documents

14  apparently relating to the trustee's sale of the Property; and a copy of an order by the Monterey

15  County Superior Court dated September 8, 2010 affirming the unlawful detainer judgment and the

16  first appeal of that judgment.

17  On June 14, 2011, defendant Gay Dales Realtor Inc., dba Coldwell Banker Gay Dales

18  (erroneously sued as "Coldwell Realtor, Gay Dales Inc. Realtors") filed a motion to dismiss the

19  complaint for lack of jurisdiction and failure to state a claim. *See* Dkt. No. 5. Pursuant to Civil

20  Local Rule 7-3(a), Plaintiffs' opposition to the motion to dismiss was due 14 days after the motion

21  to dismiss was filed, or on June 28, 2011. No opposition was filed by that day.

22  The Court ordered Plaintiffs to show cause why this case should not be dismissed for

23  failure to prosecute. *See* Dkt. No. 7. On July 13, 2011, Plaintiffs submitted a short response

24  stating that the Court should grant a temporary restraining order (although no application for

25  temporary restraining order has been filed) and stating that the Court should order "any person

26  claiming ownership under the title to be unable to record a document with the county . . .

27  recorders."

28

On July 19, 2011, Plaintiffs also filed an untimely opposition to the motion to dismiss. However, the opposition appears to discuss a different foreclosure proceeding relating to a different property (11714 Merrit Way, Castroville, CA 95012). Neither Plaintiffs' response to the Order to Show Cause nor their opposition to the motion to dismiss raise valid arguments that this case should not be dismissed. Based on its review of the Complaint and the motion to dismiss, the Court concludes that it has no jurisdiction to hear the claims Plaintiffs have attempted to bring.

To the extent Plaintiffs seek to appeal the orders of the state courts in the unlawful detainer proceedings relating to the Property, the Court does not have jurisdiction to hear such an appeal. *Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir. 2003). The Court dismissed a case relating to foreclosure of the same Property filed by Plaintiffs in 2010 on this ground. *See* Case No. 10-CV-02854-LHK, Aug. 3, 2010 Order. Accordingly, to the extent the Complaint attempts to appeal any state court decision regarding the unlawful detainer action, it is DISMISSED with prejudice.

To the extent Plaintiffs wish to state other causes of action relating to the foreclosure sale of the Property, all of the causes of action identified in the caption of Plaintiffs' complaint are based on state law. Federal courts are courts of limited jurisdiction, and Plaintiffs have identified no basis for the Court to exercise jurisdiction over these state law claims. Based on the information in the Complaint, there is no diversity between the parties, and the claims are not based on violations of federal law. *See* 28 U.S.C. § 1332 (describing original federal jurisdiction based on diversity); 28 U.S.C. § 1331 (describing original federal jurisdiction based on a federal question). Without a source of federal jurisdiction, there is no basis for the Court to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367. Accordingly, the state law causes of action set forth in the caption of the Complaint are DISMISSED without prejudice to Plaintiffs re-filing these claims in state court.

**IT IS SO ORDERED.**

Dated: August 8, 2011

_____
LUCY H. KOH
United States District Judge

3

Case No.: 11-CV-02319-LHK
ORDER DISMISSING CASE